## SHELTON v. WADE.

The law regulating appeals is intended to afford the appellant every facility consistent with a due regard to the' rights of the appellee ; and it should be so construed as to attain that object.

Where an appeal bond is objected to merely for informality or insufficiency, it is within the discretion of the court to refuse to dismiss the appeal if the appellant will perfect the bond. (Note 29.)

It is not necessary that an appeal bond be signed by the appellant. (Note 30.)

Where an appeal bond was for too small an amount, the appellant was permitted to file a new bond.

*It seems* that the approval of an appeal bond by the clerk of the District Court is conclusive only as to the sufficiency of the sureties.

Appeal from Fort Bend. This case was tried at the Fall Term, 1848, of the District Court. There was judgment for the defendant, and the plaintiff appealed. The record was filed in this court on the 26th day of December, 1848, and [149] not within the first three days of the term. Upon the filing

Shelton v. Wade.

of the record the appellee moved to dismiss the appeal, upon the following grounds:

1st. Because the record was not filed within the time prescribed by law.

2d. For want of a sufficient appeal bond.

The objections taken to the bond were, 1st. That it was not signed by the party appellant, but by his attorney, whose authority to sign for his principal does not appear. 2d. That there are blanks in the bond. 3d. That it is not in a sufficient amount.

In answer to the first ground in support of the motion to dismiss, the appellant filed an affidavit accounting for the delay in filing the record. In answer to the second ground embraced in the motion, upon an intimation from the court that the bond might be deemed insufficient in amount, under the authority of the decision of this court in Rose & Scott v. Allen, (1 Tex. R., 510,) it being for the sum of $100 only, and it appearing that the costs exceeded that sum, the appellant asked leave to file a new and sufficient bond. The case was continued; and the appellant now presents with the transcript a certified copy of a new appeal bond, the original of which appears to have been filed and approved by the clerk of the District Court. This bond is in the sum of $500, purports to be signed like the first, by the appellant "by his agent and attorney, John W. Harris," with two sureties, and is in other respects complete.

*Harris & Pease*, for appellant.

*Munger*, for appellee.

WHEELER, J. The affidavit of the appellant is regarded as having sufficiently accounted for the delay in filing the record; and it was so considered and determined by the court at the last term. It therefore only remains to determine whether the [150] appeal ought to be dismissed for the want of a sufficient appeal bond. It is believed to be the settled practice to hold it within the discretion of the court to refuse to dismiss an appeal on account of the mere *informality* or *insufficiency* of the appeal bond, where the appellant will immediately give a good and sufficient bond. And it was so held by the Supreme Court of the Republic in the case of Crosby v. Huston. We see no objection to the exercise of this discretion. The Constitution guaranties the right of appeal. The laws regulating the exercise of the right are intended to afford the party every possible facility in its furtherance consistent with a due regard to the rights of the opposite party; and they should be so construed as most certainly and effectually to attain this object. It is difficult to conceive of any just cause which the appellant can have to complain when he has already been secured by a sufficient bond. His security in this respect would seem to be his only proper concern. To dismiss the appeal for the want of a sufficient bond, when one amply sufficient has been given, would be to drive a party to his writ of error, and thus to increase the delay and expense of litigation, without securing any ultimate advantage to the party.

The objection to the bond for the want of the signature of the appellant cannot be maintained. It was not necessary that the principal should have signed; the execution of the bond by the sureties was sufficient; the principal being as effectually bound by the judgment, without signing the bond, as he could have been by it. This has been repeatedly decided. (Hart. Ky. R., 149; 3 J. J. Marsh. R., 376; 1 Blackf. R., 51.)

We are of opinion that the motion to dismiss be overruled.

Ordered accordingly.

NOTE 29.—Hollis *v.* Border, 10 T., 277; Smith *v.* Cheatham, 12 T., 37; Scranton *v.* Bell, 35 T., 413; Long *v.* Smith, 39 T., 160; King *v.* Hopkins, 42 T., 48.
NOTE 30.—Lindsay *v.* Price, 33 T., 280; McKellar *v.* Peck, 39 T., 331.